**SIGNED this 10 day of December, 2019.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JOHN MICHAEL CHRISTIAN WOODRUFF** | ) | **Case No. 17-70070-JTL** |
| | ) | **Chapter 7 Proceeding** |
| Debtor. | ) | |
| | ) | |
| **JOHN MICHAEL CHRISTIAN WOODRUFF** | ) | |
| Plaintiff, | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **No. 19-07017** |
| | ) | |
| **WALTER KELLEY, Trustee** | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION FOR SANCTIONS**

The above styled case came before the Court after John Woodruff, Debtor, filed an adversary proceeding against Trustee Walter Kelley, Defendant, both individually as well as in his official capacity as Trustee. (Complaint, A.P. No. 1, Amended Complaint, A.P. No. 18; Defendant's Motion for Sanctions, Doc. 300). In his complaint, Debtor asserts that the Trustee received funds Debtor inherited and illegally applied those funds to Debtor's bankruptcy estate. (Amended Complaint, A.P. No. 18).

### I.     FACTUAL HISTORY

This adversary proceeding arises out of Debtor's chapter 7 bankruptcy petition, filed in this court on January 23, 2017. (Doc. 1). Prior to filing this adversary proceeding, Debtor asked that the Court delay the closing of his chapter 7 case for 30 days as Debtor had planned to challenge the dischargeability of his student loans. (A.P. Doc. 258). However, Debtor did not file such a proceeding and instead filed the one before the Court now.

Debtor argues that the Trustee improperly received and then distributed funds belonging to the Debtor. Prior to filing his petition for bankruptcy, the Debtor's grandfather, Richard S. Woodruff, died having named Debtor as a beneficiary under the "*Last Will and Testament of Richard S. Woodruff.*" Debtor asserts that Trustee then unlawfully distributed those funds to Debtor's creditors without authorization from the Court; therefore, the Debtor alleges, the Trustee's actions were improper and, as such, the funds in question are eligible for turnover back to the Debtor. (Amended Complaint, A.P. No. 18). Debtor filed this adversary proceeding claiming the $10,248.50 amount awarded to Debtor's estate by the Probate Court of Jefferson County, Alabama lawfully belongs to the Debtor and should not have been distributed by the Trustee. (Id.). In his amended Schedule C (Doc. 64), the Debtor claimed an exemption in Southern Company stock in the amount of $8,273.23. The Trustee at the Debtor's request

distributed actual, whole shares to the Debtor plus the dollar amount necessary to bring the value of the distribution to Debtor of Southern Company stock to the claimed amount of $8,273.23. Debtor is now attempting to also recover the value of dividends on all the Southern Company stock devised to him in his grandfather's will in addition to the dollar amount value he had exempted.

In response, Trustee asserts in his Motion for Sanctions that he properly filed a Notice of Final Report that showed proposed distributions of the bankruptcy estate. (Doc. 249). The Final Report stated how the Trustee intended to distribute assets of the bankruptcy estate. Objections to the Final Report were due by November 28, 2018 and, as stated on the first page of the Final Report, "If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court." (Doc. 249, Pg. 1). Trustee argues that because Debtor failed to file an objection prior to the deadline, Debtor lost the ability to challenge the distribution of the bankruptcy estate. Further, Trustee argues that, at the time of the filing of the complaint in this adversarial proceeding, Trustee was no longer in possession of the funds: Debtor filed this complaint on June 18, 2019, *after* Trustee had already filed his Final Account and made distributions of all assets of Debtor's estate. (Complaint, Doc. 297, A.P. No. 1; Final Account, Doc. 287). Finally, Trustee argues that Debtor's interpretation of the law, and thus Debtor's legal argument, is incorrect. Trustee therefore asserts Debtor's complaint violates Federal Rule of Civil Procedure 11, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure (F.R.B.P.) 9011, and that as a result Debtor must be sanctioned for such violation. The Trustee states that he served the Debtor with a copy of this Motion for Sanctions on July 10, 2019 and, having waited the required 21 days with no response

from Debtor, filed this Motion with the Court on August 14, 2019. (Motion for Sanctions, Doc. 300 ¶ 22, 23).

### II. RULE 9011 SANCTIONS STANDARD

When a party—or unrepresented person—presents a writing to the court, that person is "certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" four separate assertions.[1] First, that party certifies that the argument is not being advanced "for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."[2] Second, the party certifies that the legal argument being presented is "warranted by existing law or by a nonfrivolous argument."[3] Third, the "allegations and other factual contentions" must be supported by evidence or "if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."[4] Finally, a person making a representation to the court must ensure that any denials of factual contentions are based on the evidence or are reasonably based on a "lack of information or belief."[5] Upon notice and a reasonable opportunity to respond, the court may then determine whether any of the above factors have been violated; if the court finds there was a violation, the court may then "impose an appropriate sanction upon

---

[1] F.R.B.P. 9011(b).

[2] F.R.B.P. 9011(b)(1).

[3] F.R.B.P. 9011(b)(2).

[4] F.R.B.P. 9011(b)(3).

[5] F.R.B.P. 9011(b)(4).

the attorneys, law firms, or parties that have violated subdivision (b)."[6] Rule 9011 also contains what is referred to as a "safe harbor" provision. The safe harbor provision allows the party against whom sanctions are being sought the opportunity to withdraw or properly amend the challenged writing.[7] This provision also mandates that a party seeking to file a motion for sanctions allow the offending party 21 days after service of the motion to rectify the writings in question; prior to that 21 day deadline, the moving party may not file or present the motion to the court.

### III. DISCUSSION

The first step in considering whether to award sanctions is to consider whether the purpose of the representation made by the party against whom sanctions are being sought was to harass the opposing party, delay the proceedings, or needlessly increase costs of litigation. This bankruptcy case has spawned a great deal of litigation between these two parties, the Debtor and the Trustee, including an opinion written by the Court detailing multiple threats made by the Debtor to the Trustee. (Memorandum Opinion, Doc. 166; 580 B.R. 291). In that memorandum opinion, this Court writes that Debtor, upon receiving a request from the Trustee for financial documents "pertaining to Debtor's ability to fund a Chapter 11 plan," responded by "threaten[ing] to file bar complaints, complaints to the U.S. Trustee and Department of Justice, and further litigation if Trustee proceeded with his request." (Id. at pg. 4, 580 B.R. at 294). Additionally, Debtor "insinuated" that if the Trustee refused to withdraw his opposition to Debtor's motion to convert his case to Chapter 11, Debtor would "email his complaint to the

---

[6] F.R.B.P. 9011(c).

[7] F.R.B.P. 9011(C)(1)(A).

5

U.S. Trustee to all attorneys practicing in the Middle District of Georgia Bankruptcy Court." (Id.). The memorandum opinion also contains further evidence of Debtor's threats towards the Trustee as well as Debtor's attempts to hinder or delay litigation. (Id. at 293-295). Finally, Debtor seemed unconcerned during the hearing on this motion when speaking about the extra cost of litigation for the Trustee and his attorneys. Therefore, based on Debtor's history of harassment and delay of litigation, the Court believes it to be clear that Debtor brought this adversary proceeding for an improper purpose.

Next, the Court must determine whether Debtor's representations to the Court in the complaint that makes up this adversary proceeding are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law."[8] Debtor argues that because the amount in question was not specifically devised to him and did not accrue until the Probate Court completed the administration of Decedent's estate, the amount "does not fall within the scope of 11 U.S.C. §541 as applied in *Bracewell v. Kelley*."[9] *Bracewell* held that crop disaster relief payments received by a Debtor due to legislation passed after the bankruptcy petition was filed did not fall under property of the estate as defined at §541(a)(1). The Eleventh Circuit stated that the Debtor had no legal or equitable interest in the payments at the time of the bankruptcy filing and therefore, the Trustee could not seek to recover those funds as part of the bankruptcy estate. Here, while Debtor's argument attempts to reconcile his own facts with the facts of *Bracewell*, the key distinction is that the property Debtor is attempting to shield from the Trustee is

---

[8] F.R.B.P. 9011(b)(2).

[9] 454 F.3d 1234 (11th Cir. 2006).

6

dividends deriving from stocks *already* devised to Debtor at the time of Debtor's bankruptcy filing and then ordered, by the Probate Court, to Debtor's estate. As Trustee points out in his Motion for Sanctions, "Because the stock was property of the estate, all post-petition earnings/dividends of the stock (i.e., dividends) were property of the estate under 11 U.S.C. §541(a)(6) because the earnings/dividends were 'proceeds, product . . .or profits of or from property of the estate.'" (Doc. 300 ¶ 16). Debtor then argues that the $10,248.50 in dividends belongs to him because the order of the Probate Court awarding dividends of the Southern Company stock was issued post-petition. As the Trustee points out, however, under *Schwab v. Reilly*, exempted property as a debtor's interest is measured "up to a specific dollar amount."[10] Therefore, because Debtor merely exempted a dollar amount rather than a percentage, his argument contravenes *Schwab*.

The Bankruptcy Code plainly dispels Debtor's arguments; Debtor's arguments are not warranted by existing law nor do they advocate for an extension, modification, or reversal of existing law or establishment of new law.[11] Because this Court lacks the authority to change the Bankruptcy Code or to grant an argument contradicting the Supreme Court, Debtor's argument is found to be frivolous.

The third factor in a sanctions analysis considers whether the allegations or facts presented have evidentiary support. In this case, Debtor has made a great deal of factual assertions in his amended complaint, including but not limited to: 1) Trustee "began to abuse, bully, and threaten Debtor and the decedent's personal representative," 2) Trustee "attempted to

---

[10] 560 U.S. 770, 771 (2010).

[11] F.R.B.P. 9011(b)(2).

exclude Debtor from participation in the probate proceedings," and 3) Trustee made "various untoward and disparaging remarks of Debtor—remarks which are indelibly apparent in the record of the court reporter." (A.P. No. 18, ¶ 11, 22, 24). Debtor has failed to provide evidence to support these "factual allegations," other than the Trustee's admission that he did object to Debtor's participation in the Probate Court proceeding since the Trustee represented the Debtor's estate. While there is generally some level of flexibility in pleadings, the Court finds that Debtor made particularly egregious claims and failed to support such claims with facts of any kind. For instance, Debtor states that Trustee made inappropriate remarks and Debtor even states that such remarks are available in the Probate Court's record. However, Debtor failed to produce any record of such inappropriate remarks, instead choosing to rely on that "factual allegation" alone. As a result, Debtor's factual contentions are of an egregious nature and are in need of evidence to support their contentions. The Court must find that these "factual allegations" are *not* "likely to have evidentiary support" as is required under Rule 9011.[12] It also appears that any such evidence would not be relevant to the turnover issue.

The fourth factor, denials of factual contentions, is not relevant here because the Debtor, as plaintiff in this adversary proceeding, did not submit any writings that answered any factual contentions made by the movant, here the Trustee.

Finally, it is important to note that Debtor filed this adversary proceeding against the Trustee in his official capacity and also against the Trustee individually. (Complaint, A.P. Doc. 18). There is strong case law against a Trustee being individually liable when acting within the official capacity as a trustee: "there is almost universal agreement that bankruptcy trustees are

---

[12] F.R.B.P. 9011(b)(4)

entitled to judicial immunity from personal liability for acts taken within their authority as court officers."[13] Additionally, "a trustee in a bankruptcy proceeding is 'entitled to broad immunity from suit when acting within the scope of [his] authority and pursuant to court order.'"[14] The case law is clear, the Trustee cannot be sued individually or in his capacity as Trustee for acts performed pursuant to court order; he enjoys judicial immunity.

The Court has discretion when determining whether sanctions are necessary. Rule 9011(c)(2) states that when a Court is granting sanctions under rule 9011 the sanction "shall be limited to what is sufficient to deter repetition of such conduct."[15] Here, while the Debtor is not an attorney and is acting Pro Se, the Federal Rules of Bankruptcy Procedure apply not only to legal practitioners—the Rules apply to all persons who submit writings to the Court. Debtor has had many past experiences with legal proceedings. The Court finds it particularly important that Debtor understand the magnitude of submitting filings that violate Rule 9011. The Court finds that the complaint filed by Debtor to commence this adversary proceeding is sanctionable because the complaint was offered for an improper purpose, the Debtor's argument is not warranted by existing law and advocates a frivolous position, and finally, the Debtor has failed to adequately support the facts pleaded in the complaint. As a result, the Court will grant Trustee's Motion for Sanctions and will order that the adversary proceeding, 19-07017, be dismissed. Additionally, the Trustee's request to later provide evidence of costs and attorney's fees accrued

---

[13] *In re J&s Properties, LLC* 545 B.R. 91, 103 (Bankr.W.D.Penn. 2015).

[14] *In re Mackenzie*, 476 B.R. 515, 525 (E.D. Tenn. 2012) (quoting *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009)).

[15] F.R.C.P. 9011(c)(2).

while defending this adversary proceeding is denied; Trustee had an opportunity at the hearing to present such evidence and failed to do so.